IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK EARL THOMAS, ) | |
| ) | |
| Petitioner, ) | Case No. CV98-0277-S-EJL |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

  Petitioner's habeas corpus case was dismissed without prejudice on March 8, 2002. Petitioner filed a Rule 60(b) Motion on May 9, 2005. Having reviewed the record in this case, the Court enters the following Order.

**I.**

**RULE 60(b) MOTION**

  Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). Relief under the "catch-all" provision of Rule 60(b)(6) should be granted only in "extraordinary circumstances," as an equitable remedy "to accomplish justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). Rule

MEMORANDUM ORDER 1

60(b) subsection (1), (2), and (3) requests must be filed within one year of judgment, while subsection (4), (5), and (6) requests must be filed within a reasonable time.  Fed. R. Civ. P. 60(b).

Rule 60(b) "applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 125 S.Ct. 2641, 2646 (2005).  In *Gonzalez*, the Supreme Court identified the following "Rule 60(b)" claims that are barred by AEDPA's successive petition rule, § 2244(b):

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.  § 2244(b)(2).  The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," §2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b).  Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(B) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.

*Id*. at 2647-48.

On the other hand, "[w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id*. at 2648.

MEMORANDUM ORDER 2

For example, the successive petition bar is not implicated where a petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 2648 n.4.

**B.    Facts and History of Case**

Petitioner asserts that Rule 60(b) relief is appropriate on ground (6), "in the interest of justice." Petitioner stands convicted of three counts of lewd and lascivious conduct with a minor. He asserts that his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights are violated by his continuing custody based on the following factual grounds:

> (1) his attorney never filed a motion or investigated anything; (2) counsel never filed an appeal or a Rule 35 or anything; (3) filed a motion to dismiss for no factual basis existed for the charges; (4) failure to investigate Petitioner's version; (5) failure to investigate to see if they were telling the truth or not; (6) the evidence alleged in this case was never verified; (7) the attorney failed to protect Petitioner by safeguarding his right to self-incrimination; (8) the medical examination was nine months after the alleged facts; (9) she was still a virgin; (10) never rape anyone; (11) never threatened to kill anyone.

*Petitioner's Motion*, at p. 2 (Docket No. 50). In addition, Petitioner asserts that he has been held in prison a substantial amount of time beyond his three-year sentence without justification. *Id*. at p. 3. He also requests preliminary injunctive relief and release.

Petitioner's claims and factual grounds numbered (1) through (11) were previously raised in the pleadings and other papers Petitioner filed in this proceeding. Earlier in this case, the Court preliminary determined that, while Petitioner's underlying habeas corpus case appeared to have potential merit, his claims were procedurally defaulted. *See Order of March 28, 2001* (Docket No. 32). After appointing counsel and accepting additional

MEMORANDUM ORDER 3

briefing, the Court determined that Petitioner was unable to show cause and prejudice or actual innocence to avoid the procedural default. *See Order of March 8, 2002* (Docket No. 46).

After noting that it appeared that Petitioner's counsel did not make an effort to keep him informed of the status of his post-conviction case, the Court observed: "Perhaps if Petitioner brings his case to the attention of the Idaho State Bar and the state courts, the state courts may choose to reinstate his right to bring a post-conviction appeal, if they deem it appropriate." Petitioner's claims were dismissed without prejudice to allow Petitioner to return to state court to try to gain another chance to file a post-conviction petition, if possible. *See Order of March 8, 2002, and Judgment* (Docket Nos. 46 & 47).

After his federal case was dismissed, Petitioner attempted to reassert his claims in a third post-conviction petition before the Idaho District Judge John T. Mitchell, Kootenai County District Court, but his claims were dismissed as untimely. *Motion*, at p. 8 (Docket No. 50). Petitioner also asserts that he brought his claims before the Idaho Supreme Court, and that the Idaho Supreme Court dismissed his case. *Id.* It is unclear whether the Idaho Supreme Court case was an appeal of the denial of the third post-conviction petition or an original petition.

**C.     Discussion**

1.     Petitioner's Old Claims

The Court will grant in part and deny in part the Rule 60(b) Motion, treating it as a motion to re-open the case to consider his latest attempts at exhaustion. Because his claims were previously dismissed without prejudice, they are not barred by the successive petition rule. To clarify, the Court has already determined that Petitioner's claims are procedurally defaulted, but it dismissed the claims without prejudice to allow Petitioner to try to convince the state courts to waive the procedural rules that would again bar them in state court in the interest of justice.

The Court will allow Petitioner to re-open this case only for the purpose of showing that he has now properly exhausted his claims that (1) Defense Attorney Richard Kuck rendered ineffective assistance of counsel by poorly representing the terms of the plea agreement and promising him he would receive only limited incarceration time and probation; and (2) that his arrest and the search and seizure procedure to obtain evidence from his home violated the Fourth Amendment.[1] Because the claims have already been found to be procedurally defaulted, the Court will not entertain additional cause and prejudice argument, as that has already been made and rejected. In addition, the Court will not allow Petitioner to attempt to show that he is actually innocent, as the Court has

---

[1] Petitioner's Fourth Amendment claim cannot be considered unless he first shows that his plea was not voluntary and intelligent. *See Tollett v. Henderson*, 411 U.S. 258 (1973).

MEMORANDUM ORDER 5

previously rejected his claim of actual innocence and Petitioner has brought forward nothing new that would show his actual innocence in light of the entire record.

The Court will order Respondent to lodge the new state court records with the Court and to file an answer or pre-answer motion no later than **February 28, 2006.**

2.  Petitioner's New Claim

Petitioner's new claim, that he has been held in prison a substantial amount of time beyond his three-year fixed sentence without justification (presumably asserted as an Eighth or Fourteenth Amendment violation), is a new claim and can be presented in a new petition, provided that Petitioner has exhausted this claim in the state court system. This claim is not the proper subject of a Rule 60(b) motion in this case, and it is not barred by the successive petition rule because it does not arise from his conviction, but from the denial of parole.

**II.**

**PETITIONER'S REQUEST FOR RELEASE**

Petitioner has requested preliminary injunctive relief, in particular, that he be released pending the outcome of his case. Because Petitioner's claims are procedurally defaulted and it does not appear that the state courts were willing to allow Petitioner to bring his claims again, no such relief is available. Petitioner's request shall be denied.

### III.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Rule 60(b) Motion (Docket No. 50) is GRANTED in part and DENIED in part. The Clerk of Court shall re-open this case. Petitioner shall be given the opportunity to show that his claims have been properly exhausted in response to a motion to dismiss filed by Respondent. Respondent shall lodge the new state court records with the Court and file an answer or pre-answer motion no later than **February 28, 2006**.

IT IS FURTHER HEREBY ORDERED that Petitioner may file a separate federal habeas corpus action regarding his parole claim if he has exhausted his state court remedies.

IT IS FURTHER HEREBY ORDERED that Petitioner' requests for preliminary injunctive relief and release are DENIED.

DATED: **December 29, 2005**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER 7