IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK EARL THOMAS, ) | |
| ) | |
| Petitioner, ) | Case No. CV98-0277-S-EJL |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| RANDY BLADES,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court in this case are several motions filed by the parties. The motions are now fully briefed, and the Court determines that oral argument is unnecessary. Having reviewed the motions, responses and replies, as well as the supplemental state court record in this case, the Court enters the following Order.

## I.

## BACKGROUND

Petitioner's habeas corpus case was dismissed without prejudice on March 8, 2002. Petitioner filed a Rule 60(b) Motion on May 9, 2005. The Court granted in part and denied in part the Rule 60(b) Motion, treating it as a motion to re-open the case to consider his latest attempts at exhaustion.

---

[1] Randy Blades has been substituted for Phil Foster as the current custodian of Petitioner.

MEMORANDUM ORDER 1

The Court allowed Petitioner to re-open this case only for the purpose of showing that he has now properly exhausted his claims that (1) Defense Attorney Richard Kuck rendered ineffective assistance of counsel by poorly representing the terms of the plea agreement and promising him he would receive only limited incarceration time and probation; and (2) that his arrest and the search and seizure procedure to obtain evidence from his home violated the Fourth Amendment.[2]  This Court previously concluded that these claims were procedurally defaulted because no post-conviction appeal had been filed in his case, but the Court dismissed the claims without prejudice so that Petitioner could petition the state courts to reinstate his post-conviction appeal rights.

Respondent has lodged the new state court records with the Court and has filed a Motion for Summary Dismissal.  Petitioner has filed various motions which the Court also considers.

## II.

### RESPONDENT'S MOTION TO DISMISS

**A.     Standard of Law re: Procedural Default**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims in a petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."   In such case, the Court construes the facts in a light most

---

[2]Petitioner's Fourth Amendment claim cannot be considered unless he first shows that his plea was not voluntary and intelligent.  *See Tollett v. Henderson*, 411 U.S. 258 (1973).

MEMORANDUM ORDER 2

favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[3] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent, including the supplemental record of Plaintiff's most recent state court proceedings. *See Notice of Supplemental Lodging of State Court Records and Notice of Second Supplemental Lodging of State court Records* (Docket Nos. 57 & 59).

Respondent asserts that this Court cannot hear Petitioner's claims because they are procedurally defaulted. A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is

---

[3]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

MEMORANDUM ORDER 3

available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground.[4]

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). The Court has already rejected Petitioner's attempt to show actual innocence in this case.

---

[4] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

MEMORANDUM ORDER 4

**B.     Discussion of Procedural Default Issue**

The Court previously determined that Petitioner's claims were procedurally defaulted, but suggested that he might request to have his state post-conviction appeal rights reinstated. When Petitioner returned to state court with a successive post-conviction action, the state district court rejected some of his claims on the merits and some on procedural grounds, but did not reinstate his post-conviction appeal rights. *State's Exhibit B-1*, at p. 65. Because the state court newly considered Petitioner's claim of ineffective assistance at the guilty plea stage on the merits, the Court will consider whether Petitioner newly properly exhausted that claim in the state appellate courts.

Unfortunately, Petitioner's appointed counsel did not present the guilty plea claim to the state appellate courts. Rather, counsel presented only the issue of whether trial counsel should have brought a Rule 35 motion. *See State's Exhibit C-3 & C-8*. Neither did the Idaho appellate courts address the claim. As a result of the foregoing, the Court concludes that the newly-presented guilty plea claim is procedurally defaulted.

The other remaining claim – whether his arrest and the search and seizure procedure to obtain evidence from his home violated the Fourth Amendment – was not included in the new state court post-conviction action at all. *See State's Exhibit B-1*, at p. 31. Therefore, it, too, is procedurally defaulted.

Petitioner has addressed, but not shown, cause and prejudice for the default of his claims in his Response to the Motion to Dismiss. *See Response* (Docket No. 69). The Court concludes that allowing Petitioner another opportunity to show cause and prejudice in this

MEMORANDUM ORDER 5

instance would be futile. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) (no constitutional right to effective assistance of counsel during state post-conviction proceedings); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (any shortcomings of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims); *Edwards v. Carpenter*, 529 U.S. 446 (2000) (ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown). Accordingly, Petitioner's claims are subject to dismissal with prejudice.

### C.     Standard of Law re: Statute of Limitations

Respondent also argues that Petitioner's claims are barred by the statute of limitations. The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed after AEDPA's enactment date, it is subject to the one-year statute of limitations.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This is called "statutory tolling."

If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should

MEMORANDUM ORDER 6

be applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* at 1814. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal Petition in time. *See Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (requiring petitioner to show that "extraordinary circumstances" were the "but-for and proximate cause of his untimeliness").

### D.   Discussion of Statute of Limitations Issue

To calculate his statute of limitations deadline, a petitioner must determine when his state court judgment became final. Petitioner's Judgment was entered on December 17, 1993. No appeal was filed, and so the Judgment became final 42 days after entry. Because Petitioner's Judgment was final prior to the enactment of AEDPA, his statute of limitations began running the date of AEDPA's enactment, April 24, 1996, and expired one year later on April 24, 1997, absent any statutory or equitable tolling. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had a post-conviction relief petition pending in state court between December 14, 1994, and March 3, 1998. Therefore, Petitioner's federal habeas corpus statute of limitations was statutorily tolled during the pendency of that action between April 24, 1996, when it began, until March 3, 1998. Petitioner did not appeal from the dismissal of that action.

MEMORANDUM ORDER 7

Petitioner filed his federal Habeas Corpus Petition on July 1, 1998, within the statute of limitations period. The Court deemed Petitioner's claims procedurally defaulted for failure to present them to the Idaho Supreme Court, but allowed Petitioner to attempt to present them again in a new post-conviction proceeding. Therefore, the claims were dismissed without prejudice to allow Petitioner to return to state court to attempt to reinstate his post-conviction appeal rights. Because of the unique circumstances of this case, and Petitioner's reliance on the Court's suggestion that he try to exhaust what appeared to be a potentially meritorious claim, the Court will consider Petitioner's Rule 60(b) motion and efforts to reassert his claims as part of the original action. Because the original action was timely, the statute of limitations is not implicated.

**E.     Conclusion**

Petitioner did not properly present his remaining claims to the Idaho Supreme Court. He has had adequate opportunity to show cause and prejudice for the default of his claims, but has failed to do so. Affording him further opportunity to do so would be futile. The Court shall therefore grant Respondent's Motion to Dismiss and deny Petitioner any Rule 60(b) relief. With the exception of the Motion to Amend to substitute the proper respondent in this case, Petitioner's other pending motions are denied or mooted by the granting of the Motion to Dismiss. No separate judgment shall be entered because the Motion to Dismiss was presented in the context of a Rule 60(b) motion.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss (Docket No. 60) is GRANTED. The relief sought in Petitioner's Rule 60(b) Motion is DENIED.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus (Docket No. 52) is GRANTED. Randy Blades shall be substituted for Phil Foster as the proper Respondent because Petitioner is currently in the custody of Warden Blades.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to the Clerk of Court to Docket Motion for Preliminary Injunction (Docket No. 53) is MOOT, and Petitioner's Motion for Preliminary Injunction (Docket No. 54), is DENIED. Petitioner is not entitled to preliminary relief because it appears that his underlying claims are subject to dismissal. If Petitioner has medical claims he wishes to pursue, he may do so in a § 1983 civil rights complaint, not a habeas corpus action.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Default Judgment (Docket No. 55) is DENIED. Default judgment is not available in habeas corpus actions.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension of Time to File Response (Docket No. 66) is GRANTED. Petitioner's Responses, filed on April 3, 2006, are considered timely.

MEMORANDUM ORDER 9

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Summary Judgment (Docket No. 72) is DENIED for the reasons set forth in the body of this Order.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Order Gerald Smith to Return all Files and Record to Jack Thomas (Docket No. 74) is GRANTED. Counsel shall return Petitioner's files to him immediately.  The Clerk of Court shall send a copy of this Order to Gerald Smith, LAW OFFICES OF GERALD R. SMITH West 505 Riverside, Spokane, WA 99201.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion for Extension of Time to File Response/Reply to Motion to Dismiss (Docket No. 75) is DENIED. Respondent's Motion was filed on February 28, 2006, over five months ago.  Petitioner filed a response on April 3, 2006.  No further response is required.

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Vacate Illegal Conviction and Motion to Expedite (Docket Nos. 76-1 and 76-2) are DENIED.

DATED:  **August 7, 2006**

Honorable Edward J. Lodge
U. S. District Judge